```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

TATYANA ISHUTKINA,              )
                                )
            Plaintiff,          )
                                )
      v.                        )      C.A. No. 11-11229-JLT
                                )
ELECTRIC BOAT CORPORATION,      )
                                )
            Defendant.          )

## MEMORANDUM AND ORDER

On August 2, 2011, I directed plaintiff Tatyana Ishutkina to demonstrate good cause why this action should not be dismissed or to file an amended complaint. The August 2, 2011 Memorandum and Order explained that the complaint failed to meet the minimum pleading standards to state a cognizable claim against the defendant.[1] Ishutkina seemed to complain that her rights were violated when she was reprimanded by her employer. The complaint was devoid of any factual allegations to provide a basis for any sort of claim based on discrimination of any kind. Plaintiff was given an opportunity to correct deficiencies in her pleading.

On August 22, 2011, Ishutkina filed an Amended Complaint

---

[1] In the body of the complaint, plaintiff listed the following six sub-sections: (1) quality of management in the U.S. shipbuilding industry; (2) development of self-organizing principles of employees in the U.S. Shipbuilding Industry; (3) development of self-organizing principles of the employees in the U.S. shipbuilding industry who have non-reversible changes in the body resulted from the surgery; [there is no number 4], (5) e-mail sent on July 5, 2011 to the company president; (6) conclusion; and (7) based upon the material described in three research proposals above[,] Electric Boat Corporation showed that it is not ready to deal with issues.

accompanied by a Statement of Amount in Demand with exhibits. See Docket Nos. 5, 6. Given Plaintiff's pro se status, the court liberally construes the Amended Complaint, pursuant to Haines v. Kerner, 404 U.S. 519, 520 (1972) (allegations of pro se complaint are held to less stringent standards than formal pleadings drafted by attorneys).

Here, Ishutkina expanded her original thirteen-page Complaint into a thirty-four page Amended Complaint. If read closely, the Amended Complaint states that Ishutkina was employed by defendant for more than ten years as an engineering specialist in Groton, Connecticut. Ishutkina was apparently reprimanded for not following management direction and was subsequently suspended without pay.

The Court already provided a summary of the applicable rules of civil procedure, and will not duplicate the full explanation set forth in the August 2, 2011 Memorandum and Order. However, plaintiff is reminded that Rule 8(a) of the Federal Rules of Civil Procedure governs the substance of a pleading, and requires a plaintiff to include in the complaint, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557, 559, 127 S.Ct. 1955, 167 L.Ed.2d 929

(2007); Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Although plaintiff received an opportunity to correct deficiencies in her original pleading, her most recent effort is to no avail. The Amended Complaint is just as difficult to understand as the original complaint. Ishutkina appears to vaguely reference employment discrimination based on disability and gender. She makes a brief reference to a short term disability claim that was, at one time, approved by the defendant. The Amended Complaint also contains several vague allegations of "gender discrimination," "the glass ceiling," "employment discrimination termination," and "sex discrimination harassment." See Am. Compl. pp. 12-13.

Again, even under a generous reading, the Amended Complaint fails to clearly describe the nature and basis of plaintiff's claim. Although plaintiff makes a vague reference to the United States Constitution, she does not reference any federal or state laws.

ACCORDINGLY, in accordance with this Court's order dated August 2, 2011, and for all the reasons set forth above, and the

plaintiff not having shown good cause why this case should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2), it is ORDERED that the Amended Complaint be dismissed without prejudice.  The Clerk shall send plaintiff a list of legal service providers with a copy of this Memorandum and Order.

SO ORDERED.

| _10/19/11_____ | _/s/ Joseph L. Tauro_____ |
|---|---|
| DATE | JOSEPH L. TAURO |
| | UNITED STATES DISTRICT JUDGE |